IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AREZOU DADGAR and ANGELS HOSPICE LLC,<br><br>    Petitioners,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant.<br>_____/ | No. C-10-MISC-80282-CW (EDL)<br><br>**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS** |

    This Petition to Quash an IRS third-party summons was filed on November 18, 2010 and referred to this Court for discovery. A motion hearing was set for January 4, 2010. In response, the government filed a "Motion to Continue Hearing and to Dismiss Case in the Alternative for Lack of Jurisdiction." The Court held that a hearing on Plaintiff's motion to quash was premature, and continued the hearing until March 1, 2011. The government also moved to dismiss Plaintiff's petition on grounds that the Court lacks jurisdiction because the petition is untimely. This Court Ordered the parties to file a consent or declination to the jurisdiction of a magistrate court by no later than December 24, 2010, and Ordered Petitioner to file an opposition to the motion to dismiss by December 28, 2010. The government consented to this Court's jurisdiction. Plaintiff did not file a consent or declination and did not oppose the motion to dismiss. The Court finds that resolution of the unopposed motion to dismiss is appropriate without the need for oral argument, and hereby vacates the hearing set for January 18, 2011. The Court hereby RECOMMENDS that the motion to dismiss be granted in its entirety.

The government moves to dismiss Plaintiff's petition for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). 26 U.S.C. § 7609(b)(2)(A) requires that a person entitled to notice of a summons "shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given . . . ." Generally, the twenty day period commences when the IRS mails the notice, not upon receipt of the notice. See Bilodeau v. U.S., 577 F. Supp. 234 (D.N.H. 1983); Riggs v. U.S., 575 F. Supp. 738 (N.D. Ill. 1983); see also Strong v. U.S., 57 F.Supp.2d 908, 915 -916 (N.D.Cal. 1999) (Laporte, J.) ("A petition to quash a third-party summons must be brought within twenty days after notice of the summons is given to the taxpayer"); but see Fogelson v. U.S., 579 F. Supp. 573 (D. Kansas 1983) (failure to petition to quash within twenty days from *receipt* of notice requires dismissal). The government claims that the notice in this case was on October 21, 2010. However, from the evidence presented it appears that the notice was mailed on October 23, 2010 and delivered on October 25, 2010. See Newman Decl. Exs. 1, 2 (copy of return receipt signed on October 25, 2010 and "track and confirm" printout). Regardless of which date applies, the petition to quash was not made until November 18, 2010, more than twenty days after notice was mailed and delivered. As a result of Petitioners' failure to timely file their petition, the Court lacks jurisdiction because the government has not waived its sovereign immunity. See Ponsford v. U.S., 771 F.2d 1305, 1309 (9th Cir. 1985) (twenty day filing requirement is jurisdictional and "must be strictly construed because it is a condition precedent to the waiver of sovereign immunity).[1] Therefore, dismissal pursuant to Rule 12(b)(1) is appropriate and should be granted.

Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the

---

[1] Despite Ponsford, at least one district court in the Ninth Circuit has held that equitable tolling principles may apply so that notwithstanding the petitioner's failure to timely file a petition to quash, the petition is not jurisdictionally defective and may be considered by the court for good cause shown. See Mack v. IRS 1995 WL 556628 (E.D.Cal. Sept. 20, 1995). However, the Court need not decide whether equitable tolling could apply in some circumstances because Petitioners here have failed to oppose the motion to dismiss or otherwise show any good cause justifying the application of equitable tolling.

2

right to appeal the District Court's order.

**IT IS SO RECOMMENDED.**

Dated: January 10, 2011

*Elizabeth D. Laporte*

ELIZABETH D. LAPORTE
United States Magistrate Judge

3